IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LEE JOSEPH CHERNOFF, | No. 18cv417 WJ/KK |
| Plaintiff, | Consolidated with: |
| v. | No. 18cv418 WJ/KK |
| | No. 18cv419 WJ/KK |
| WILLIAM LEE CARTER et al., | No. 18cv420 WJ/KK |
| | No. 18cv421 WJ/KK |
| Defendants. | No. 18cv422 WJ/KK |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaints for Civil Rights Violations filed in the consolidated cases referenced above.

Plaintiff, who is proceeding *pro se*, initiated six cases on May 2, 2018 against various Defendants. Because the Complaints in each of the cases contain identical factual allegations, the Court consolidated the cases. In addition to his civil rights claims, the Complaints assert general conspiracy claims and claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

**Conspiracy Claims**

The Court dismisses the conspiracy claims against all Defendants for failure to state a claim. Plaintiff makes several conclusory allegations that "Judge Strother conspir[ed] with [Defendants]" but does not allege specific facts showing an agreement and concerted action amongst the defendants. Complaint ¶ 66 at 9, ¶ 102 at 11-12, ¶ 112 at 12-13, ¶ 154 at 16. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint,

the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Racketeer Influenced and Corrupt Organizations Act ("RICO") Claims**

The Court dismisses Plaintiff's claims against Defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. RICO allows for criminal penalties, *see* 18 U.S.C. § 1963, and civil remedies, *see* 18 U.S.C. § 1964(c). The Court dismisses Plaintiff's claims for criminal penalties because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). The Court dismisses Plaintiff's RICO claims for civil remedies due to Plaintiff's lack of standing to bring a RICO claim because Plaintiff has not alleged that he was injured in his business or property by reason of Defendants' alleged violation of 18 U.S.C. § 1962. *See Gilmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007) ("a plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962"); *Dias v. City and County of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009) (standing is a component of this Court's jurisdiction, and the Court has an obligation "to consider it *sua sponte* to ensure the existence of an Article III case or controversy").

***Chernoff v. Carter*, No. 18cv417, and *Chernoff v. Marks*, No. 18cv418**

Plaintiff was a party to proceedings in McLennan County Court in Texas. Defendant Carter is a "McLennan County Court P[sych]ologist," and Defendant Marks is a "McLennan County Court Psychiatrist." Complaints at 1. Plaintiff makes the general allegation that Defendants Carter and Marks "[r]epeatedly found the Plaintiff incompetent to stand trial with no proof positive," and "[r]ecommended intake to North Texas State Hospital for Premeditated

2

Attempted Murder under the guise of Competency Training." Complaint ¶ 19(D) at 4. Plaintiff later alleges that Defendants Carter and Marks "recommend[ed] the Plaintiff go back to North Texas State Psychiatric Hospital for Premeditated Attempted Murder under the guise competency education." *Chernoff v. Carter* Complaint ¶ 138; *Chernoff v. Marks* Complaint ¶ 137. There are no other substantive factual allegations regarding Defendants Carter and Marks.

The Court dismisses the civil rights claims against Defendants Carter and Marks for failure to state a claim. The only substantive allegations against Defendants Carter and Marks are that they found Plaintiff incompetent to stand trial and recommended that Plaintiff be admitted to North Texas State Hospital. Those allegations, without more, are not sufficient to state a claim for deprivation of rights secured by the Constitution or federal laws. Furthermore, Plaintiff alleges that Defendants are a "Court Psychologist" and a "Court Psychiatrist." Complaint ¶ 5 at 1. Defendants are therefore immune from monetary damages claims. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) ("[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process").

### *Chernoff v. Strother*, No. 18cv419

Defendant Strother is a McLennan County Court Judge. *See* Complaint ¶¶ 3-4. Plaintiff makes the general allegations that Defendant:

1. Supported False Charges and Manufactured False Charges.

2. Repeatedly ordered the Plaintiff to be Falsely Imprisoned in McLennan County Jail.

3. Forced the Plaintiff to be tortured for years in solitary confinement by McLennan County Sheriffs.

4. Forced the Plaintiff to take highly toxic drugs that were causing his health to deteri[or]ate.

5. Remanding the Plaintiff to North Texas State Hospital Psychiatric Maximum-Security Detention Center where the Plaintiff was being drugged to death.

6. Conspired the Premeditated Attempted Murder of the Plaintiff.

Complaint ¶ 17(E) at 4-5. Plaintiff makes numerous specific factual allegations asserting Defendant Strother ordered Plaintiff into solitary confinement, issued a violation of a protective order against Plaintiff, manufactured charges of misdemeanor terroristic threat of a family member and felony assault to the elderly, found Plaintiff incompetent to stand trial, remanded Plaintiff to a psychiatric hospital, and held Plaintiff on a one million dollar bond. *See* Complaint ¶¶ 21, 40, 42, 57-58, 60, 97, 101, 131-132, 135, 137,147, 149-150, 152, 189 (other allegations in ¶¶ 140-145 refer to an un-named judge who allows Plaintiff to testify, orders zero medication be given to Plaintiff, orders a competency evaluation and remands Plaintiff to McLennan County Jail).

The Court dismisses the claims against Defendant Strother because he is a judge and the claims against him arose from actions taken in his judicial capacity. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)) ("state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

*Chernoff v. McLennan County Sheriff's Dep't*, No. 18cv420

The Defendants are the McLennan County Sheriff's Department and McLennan County Sheriff Parnell McNamara. The Complaint alleges that Defendant Sheriff McNamara "is liable for all acts committed by employees lack of training and supervision under the command of the Sheriff." Complaint at 3. The Complaint also alleges that "Defendant Texas State Actors McLennan County Sheriff's Department; 1. Torturing the Plaintiff in solitary confinement for years in McLennan County Jail. 2. Forced the Plaintiff to take highly toxic drugs that were causing his health to deteri[or]ate," and in "about July 23, 2003, denied Plaintiff medical treatment by ordering a nurse not to assist Plaintiff in digging a bullet out of his arm. Complaint ¶¶ 22(B), 29, 42-43, 63-64 (it appears that Defendants allegedly forced Plaintiff to take drugs between 2010 and 2014, *see* ¶¶48, 70, 82, 104, 116).

The Court dismisses the claims against the McLennan County Sheriff's Department and McLennan County Sheriff Parnell McNamara because they are barred by the statute of limitations. Plaintiff's claims against the McLennan County Sheriff's Department and McLennan County Sheriff Parnell McNamara arose from actions occurring in about 2003 and between 2010 and 2014. Plaintiff filed his claims against the McLennan County Sheriff's Department and McLennan County Sheriff Parnell McNamara after the two-year limitations period expired. *See Keith v. Koerner*, 843 F.3d 833, 850 (10th Cir. 2016) (stating "every section 1983 claim is in essence an action for injury to personal rights," and that courts therefore "apply the statute of limitations for personal injury actions in the state where the claim accrued"); *King-White v. Humble Independent School District*, 803 F.3d 754, 761 (5th Cir. 2015) (concluding that "the district court did not err in applying the two-year limitations period" to plaintiff's § 1983 claims).

*Chernoff v. City of Waco, Texas*, No. 18cv421

Defendants are the City of Waco, the City of Waco Police Department, and City of Waco Police Chief Ryan Holt. The Complaint states:

The Defendant Texas State Actor Waco Police Department to [sic] repeatedly;

1) Falsifying Police Reports.

2) Failing to take statements from credible witnesses on numerous occasions.

3) Making up charges to falsely imprison the Plaintiff.

4) Failing to investigate any Crimes committed against the Plaintiff.

5) Failing to prosecute any Crimes committed against the Plaintiff.

Complaint at 4. Many of the substantive factual allegations indicate that unnamed police officers arrested Plaintiff, delivered him to the McLennan County Jail, ignored credible witnesses, refused to take a statement from Plaintiff, impounded two vehicles, detained Plaintiff for violating a trespass warning and warned Plaintiff out of his house and a motel. Complaint ¶¶ 41, 58-59,98-99, 101, 165-166, 172, 184. Some allegations state that "about March 22, 2013, "Defendant Police Officer Seman" handcuffed Plaintiff, drew his weapon, pointed it at Plaintiff's head, and threatened to kill him. Complaint ¶¶ 73-81.

The Court dismisses the civil rights claims against the City of Waco Police Department because the Police Department is a subunit of the City of Waco and is not a suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

The Court also dismisses the civil rights claims against the City of Waco and City of Waco Police Chief Ryan Holt for failure to state a claim. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. \*754 Servs.,* 436 U.S. 658, 694 (1978)). There are no allegations that a City of Waco policy or custom was the moving force behind the alleged constitutional violations. There are no allegations mentioning City of Waco Police Chief Ryan Holt.

Finally, the Court dismisses the civil rights claims against Defendant Police Officer Seman because they are barred by the statute of limitations. Plaintiff's claims against Defendant Police Officer Seman arose from actions occurring "about March 22, 2013." Plaintiff filed his claim against Defendant Police Officer Seman after the two-year limitations period expired.

***Chernoff v. Texas State Actors at North Texas State Hospital*, No. 18cv422**

Defendants are "Texas State Actors at North Texas State Hospital" and North Texas State Hospital Superintendent James Smith. The Complaint states:

The Defendant Texas State Actors at North Texas State Hospital;

1. Forced the Plaintiff to take massive quantities of highly toxic drugs.

2. Documented the massive weight gain and the complete deteri[or]ation of the Plaintiff's health.

3. Conspired the Premeditated Attempted Murder of the Plaintiff.

Complaint ¶ 19(F). In 2010 or 2011 "Defendant State Actors at Defendant North Texas State Hospital, a Maximum-Security Psychiatric Hospital forced the Plaintiff to take massive doses of highly toxic drugs that were killing him." Complaint ¶¶ 43, 58, 60-61. In 2013 or 2014,

7

"Defendant North Texas State Hospital Actors give the Plaintiff massive doses of Seroquel a toxic antipsychotic drug in concert with other narcotics that caused extensive deteri[or]ation of the Plaintiff's health."  Complaint ¶¶ 77, 98, 101-102.

The Court will dismiss the claims against the Texas State Actors at North Texas State Hospital because they are barred by the statute of limitations.  Plaintiff's claims against the Texas State Actors at North Texas State Hospital arose from actions occurring from about 2010 to 2014.  Plaintiff filed his claims against Defendant the Texas State Actors at North Texas State Hospital after the two-year limitations period expired.

**Dismissal of Complaints**

Having dismissed Plaintiff's federal law claims, the Court declines to exercise jurisdiction over Plaintiff's state law claims and dismisses the Complaints without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").  Plaintiff may file an amended complaint within 21 days of entry of this Order.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE